**In re Charles ZIMBLE, Debtor.**

**RHODE ISLAND CENTRAL CREDIT UNION, Plaintiff,**

**v.**

**Charles ZIMBLE, Defendant.**

**Bankruptcy No. 8100267.**

United States Bankruptcy Court, D. Rhode Island.

March 1, 1985.

Steven M. Feingold, Warwick, R.I., for Plaintiff.

David C. Moretti, Cranston, R.I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., Trustee.

## DECISION DENYING MOTION FOR RELIEF FROM STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on Rhode Island Central Credit Union's motion for relief from the automatic stay, 11 U.S.C. § 362. The specific relief sought by the credit union is for

leave to increase the interest rate of its mortgage on the debtor's home. At issue is whether the confirmation of a Chapter 13 plan bars such a secured creditor from obtaining relief from stay, absent a post-confirmation default by the debtor as to the terms of the plan. For the following reasons, we conclude that it does, and will deny relief from the stay.

Section 1327, which deals with the effect of confirmation, clearly prevents a creditor from asserting, after confirmation and during the term of the plan, any rights other than those provided for it by the confirmed plan. *See Anaheim Savings and Loan Assoc. v. Evans (In re Evans),* 30 B.R. 530 (B.A.P. 9th Cir.1983); *Ford Motor Credit Co. v. Lewis (In re Lewis),* 8 B.R. 132 (Bankr.D.Idaho 1981).

The facts[1] are as follows: The note in question was executed on April 28, 1975 in the amount of $30,000, with interest at 10%. When the debtor filed his Chapter 13 petition, the mortgage was $2,450 in arrears. The plan proposes to cure the pre-petition default by treating the $2,450 as a priority claim, to be paid by the trustee from payments made into the plan by the debtor, who would also make his regular post-petition mortgage payments outside the plan. The credit union was served with copies of both the original and the amended plan, received notice of the hearing on confirmation, and did not object to the payment of its debt as proposed under the amended plan, which was confirmed on August 3, 1981.

Now, more than three years after entry of the order of confirmation, the credit union seeks to accelerate the entire amount due on the note or, in the alternative, to be allowed to increase the interest rate to 16%, which, it contends, reflects the current interest market. This, notwithstanding the fact that the debtor is current with respect to all post-petition mortgage payments and payments due under the plan. The credit union takes the position that it holds a demand note which can be called at any time.

◼◼◼◼ The question raised by the credit union is answered by reference to 11 U.S.C. § 1327(a) which states:

§ 1327 Effect of confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

There is general agreement that an order confirming a Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing. *See In re Clark,* 38 B.R. 683 (Bankr.E.D.Pa.1984); *Waterfield Mortgage Co., Inc. v. Clark (In re Clark),* 31 B.R. 502 (Bankr.S.D.Ohio 1983); *Citicorp Homeowners, Inc. v. Willey (Matter of Willey),* 24 B.R. 369 (Bankr.E.D.Mich. 1982); *Los Angeles Title and Trust Deed Co. v. Risser (In re Risser),* 22 B.R. 868, 7 C.B.C.2d 195 (Bankr.S.D.Cal.1982); *In re Lewis, supra.*

In the absence of a confirmed plan, the credit union's motion for relief from stay would have presented at least a colorable claim for relief. The credit union holds a demand note secured by the debtor's principal residence, which theoretically could be called at any time by the holder. Here, however, although the right to call the note might have been asserted prior to confirmation, the credit union failed to do so. *See* 11 U.S.C. § 1324 ("[a] party in interest may object to the confirmation of the plan"). Once a plan is confirmed, the finality of § 1327 removes a creditor's right to assert any interest other than that provided for it in the confirmed plan. *See In re Clark, supra,* 31 B.R. 502, 506; *In re Evans, supra* at 531.

The usual grounds for relief from stay after confirmation arise from matters occuring post-confirmation, such as failure to

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rules 9014 and 7052 (effective August 1, 1983).

make required payments, lapse of insurance coverage, or waste by the debtor causing a decline in the value of the collateral. *See In re Clark, supra,* 38 B.R. at 684; *Matter of Willey, supra; In re Lewis, supra.* The plaintiff asserts none of these, or similar grounds. Indeed, relief is being requested solely because the contract rate of interest is allegedly below the prevailing rates.

A primary purpose of Chapter 13 is that conscientious debtors be protected by the stay during the full course of the rehabilitation process. *See In re Willey, supra.* This is particularly true where, as here, the subject of the action is the family home, often the debtor's most important asset. As long as the debtor continues to comply with the plan, we do not find, and frankly are not looking for, a reason to allow the credit union to jack up the home mortgage interest rates of a debtor who is in compliance with the plan. Accordingly, Rhode Island Central Credit Union's motion for relief from stay is denied.

Enter judgment accordingly.