**GOVERNMENT EMPLOYEES CORPORATION, Creditor/Appellant,**

v.

**Mary Rebecca McKINNEY, Debtor/Appellee,**

No. 88 C 0019.

United States District Court, N.D. Illinois, E.D.

Aug. 31, 1988.

Robert E. Zeitner, Chicago, Ill., for Government Employees Corp., creditor/appellant.

Gordon F. Dehart, Aurora, Ill., for debtor/appellee.

Jack McCullough, Chicago, Ill., for Trustee.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Government Employees Corporation ("GEC") has filed this appeal from an order of Judge Robert E. Ginsberg of the Bankruptcy Court for the Northern District of Illinois, Eastern Division. For the following reasons, Judge Ginsberg's order is affirmed.

## BACKGROUND

In 1984, Mary Rebecca McKinney filed a Chapter 13 petition (Case No. 84 B 16308). On September 5, 1985, the court converted Ms. McKinney's bankruptcy case to one arising under Chapter 7. GEC commenced an adversary proceeding in connection with this case on September 22, 1986 (Adv.Proc. No. 86 A 1044).

As a result of the adversary proceeding, the court entered an agreed order on January 21, 1987. The order stated that "of the amounts claimed in [GEC's] complaint to determine dischargeability, $510.00 is nondischargeable." (PX 1).

On June 23, 1987 Ms. McKinney filed another Chapter 13 petition. This petition lists GEC as an unsecured creditor with a non-priority claim in the amount of $500.00. Bankruptcy Judge Susan Pierson DeWitt confirmed Ms. McKinney's Chapter 13 Plan of Reorganization (the "Plan") on September 3, 1987. (PX 3). GEC did not object to the Plan. Under the terms of the Plan, GEC will receive 30% of its claim.

On August 28, 1987 GEC moved the Bankruptcy Court to order Ms. McKinney to pay GEC $510.00 in full and to remove GEC from the list of unsecured creditors in the Plan. On September 28, 1987 the case was reassigned to Bankruptcy Judge Robert E. Ginsberg. Judge Ginsberg heard and denied GEC's motion on November 19, 1987. Judge Ginsberg noted at the hearing on the motion that Section 1327(a) of the Bankruptcy Code binds GEC to the terms of the Plan once it has been confirmed. GEC has appealed Judge Ginsberg's decision to this court.

## DISCUSSION

The essence of GEC's argument for reversal of Judge Ginsberg's order is that the

January 21, 1987 determination of non-dischargeability in Ms. McKinney's initial Chapter 7 proceeding was *res judicata* in her subsequent Chapter 13 bankruptcy. Therefore, GEC argues, its claim cannot be discharged under the terms of Ms. McKinney's Plan.

■ The bankruptcy laws generally authorize the discharge of debts under Chapter 13 which are not dischargeable under Chapter 7. *In re Caldwell,* 67 B.R. 296, 303 (Bkrtcy.E.D.Tenn.1986); *Street v. Lawson,* 55 B.R. 763, 765 (9th Cir.B.A.P.1985); *In re Sturgeon,* 51 B.R. 82, 83 (Bkrtcy.S.D. Ind.1985). Alimony, maintenance and child support payments, however, are exempted from this general rule. *In re Brown,* 56 B.R. 293, 295 (Bkrtcy.N.D.Ill.1985); *In re Boyd,* 57 B.R. 410, 411 (Bkrtcy.N.D.Ill. 1983). The broad scope of the Chapter 13 discharge reflects Congressional intent to encourage wage-earning debtors to make the best effort to pay their debts instead of resorting to Chapter 7 liquidation. *In re Brown,* 56 B.R. at 295.

In addition, some authority exists for GEC's proposition. A few courts have held that when a bankruptcy court specifically determines a debt to be non-dischargeable in an earlier bankruptcy proceeding, that determination is *res judicata,* and "a bankrupt has lost his right to have the matter readjudicated in a subsequent bankruptcy proceeding." *In re Payton,* 5 Bankr.Court Dec. 402, 403 (E.D.Pa.1979). *See also In re Seiden,* 174 F.2d 586 (2nd Cir.1949); *Colwell v. Epstein,* 142 F.2d 138 (1st Cir. 1944).

■ However, in this case it is not necessary to decide whether GEC's claim is *res judicata* and therefore nondischargeable in Ms. McKinney's Chapter 13 proceeding. This court agrees with Judge Ginsberg that GEC waived this argument by not bringing it during the confirmation procedures. Section 1327(a) of the Bankruptcy Code states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected

to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). This section clearly prevents a creditor from asserting, after confirmation and during the term of the plan, any rights other than those provided for it by the confirmed plan. *In re Bonanno,* 78 B.R. 52 (Bkrtcy.E.D.Pa.1987); *In re Guilbeau,* 74 B.R. 13 (Bkrtcy.W.D.La.1987) ("The order of confirmation in a Chapter 13 case is to be given *res judicata* effect as to those issues that were decided, or could have been decided, at the time of confirmation."). *See also In re Lee,* 71 B.R. 833, 850 (Bkrtcy.N.D.Ga.1987); *In re Zimble,* 47 B.R. 639, 640 (Bkrtcy.D.R.I.1985).

In this case, GEC does not assert any grounds for this court to differentiate this case from other cases in which a creditor seeks to evade the terms of a confirmed Plan. GEC admits to being scheduled as a creditor in the Plan. GEC admits to being scheduled as a creditor in the Plan. (Tr. at 3). GEC did not object to the terms of the Plan at the confirmation proceeding or appeal the confirmation. (Tr. at 4). Nor does GEC offer a justification in this appeal for its failure to object and/or appeal. Judge Ginsberg's decision denying GEC's motion is affirmed.

### CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Judge is AFFIRMED.