**In re Leslie RANDALL, Debtor.**

**Bankruptcy No. 88 B 11741.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 21, 1989.

Jerome Kornfeld, Kornfeld & Associates, P.C., Chicago, Ill., for Leslie Randall.

Martin L. Miller, Miller, Forest & Downing, Ltd., Glenview, Ill., for Principal Mut. Life Ins.

Craig Phelps, Chapter 13 Trustee, Chicago, Ill.

M. Scott Michel, U.S. Trustee, Chicago, Ill.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on a motion for relief from the automatic stay filed by Principal Mutual Life Insurance Company ("Principal"). For the reasons set forth below, the Court having considered all the pleadings and exhibits filed, does hereby allow part of the relief sought, but denies the immediate modification requested.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. This motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

## II. FACTS AND BACKGROUND

On August 2, 1988, Leslie Randall (the "Debtor") filed a Chapter 13 petition and plan to pay all creditors one hundred percent of their allowed claims over a forty-eight month term. Principal holds a loan from the Debtor and his spouse, Sheila A. Randall, secured by a first mortgage on their residence located at 17092 Lincoln Avenue, Hazelcrest, Illinois. The Debtor's spouse filed a Chapter 13 petition in 1986 pending before another judge of this court. On January 21, 1988, in that case, the automatic stay was modified by order of the court. Principal filed a circuit court foreclosure action on March 10, 1988. On July 20, 1988, a Judgment of Foreclosure and Order of Sale was entered. The Randalls then owed the total amount of $80,093.12 in principal, interest, late charges and taxed fees, expenses and costs.

On September 1, 1988, Principal filed its secured proof of claim in this case for $80,093.12. The Debtor's schedules, however, listed the total amount of the debt to Principal at $66,920.00 comprised of $56,900.00 balance on the first mortgage and $10,020.00 arrearage on the first mortgage. On September 27, 1988, the plan was confirmed because the plan was a hundred percent plan, no objections were filed, and the Chapter 13 standing trustee (the "Trustee") recommended confirmation. The plan, as confirmed, proposed to pay the Trustee under the plan $815.00 per month ($38,120.00 for the forty-eight month plan term). The Debtor's monthly family budget proposed to pay $820.00 per month on the home loan payment outside the plan

($39,360.00 during the forty-eight month plan term).

On November 22, 1988, Principal filed the instant motion alleging a lack of adequate protection and a lack of equity in the property. The Court ordered the Debtor to allow an appraisal of the property and the matter was continued. The appraisal valued the property at $63,500.00. The parties have submitted memoranda of law in support of and in opposition to the motion. Neither party has sought an evidentiary hearing. Rather, the matter has been submitted on the pleadings.

## III. ARGUMENTS AND AUTHORITIES OF THE PARTIES

Principal relies on Sections 362(d)(1), 1322(b)(2) and 1325(a)(3) of the Bankruptcy Code and the cases of *In re 666 Associates/Streeterville Utility Co., Inc.*, 65 B.R. 819 (N.D.Ill.1986) and *In re Russo*, 94 B.R. 127 (Bankr.N.D.Ill.1988). Principal contends the lack of equity in the collateral requires the Debtor to furnish it adequate protection which it is not receiving under the confirmed plan. Principal asserts that the plan violates section 1322(b)(2) by impermissibly modifying its rights in the Debtor's residence. Further, Principal argues that the two bankruptcy cases are multiple filings by the Debtor and his spouse which show with the lack of regular mortgage payments since 1986 that the Debtor has not filed his Chapter 13 case in good faith as required by section 1325(a)(3). The Debtor principally defends under section 1327, the res judicata effect of the confirmation order and case law interpreting same including *In re Toth*, 61 B.R. 160 (Bankr.N.D.Ill.1986).

## IV. DISCUSSION

11 U.S.C. § 1327 provides:

Effect of Confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327.

It makes no difference whether the creditor is provided for by the plan, or has accepted, rejected or objected to the plan. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 430 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. All creditors are bound by the terms of a confirmed plan. *Government Employees Corp. v. McKinney*, 92 B.R. 317, 319 (N.D.Ill.1988). A confirmed Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing. *In re Toth*, 61 B.R. at 165; *In re Lee*, 71 B.R. 833, 850 (Bankr.N.D.Ga.1987); *In re Zimble*, 47 B.R. 639, 640 (Bankr.D.R.I. 1985); *In re Flick*, 14 B.R. 912, 918 (Bankr. E.D.Pa.1981).

Principal's post-confirmation reliance on section 362 is untimely. *In re 666 Associates/Streeterville Utility Co.*, a Chapter 11 case involving section 362, which was invoked pre-confirmation, is patently distinguishable from the facts and law controlling this post-confirmation Chapter 13 case. A creditor's motion to modify the stay after confirmation can be an appropriate vehicle only when there is a post-confirmation default by the debtor. *In re Toth*, 61 B.R. at 166; *In re Zimble*, 47 B.R. at 640–641; *In re Pizzullo*, 33 B.R. 740, 741–742 (Bankr.E.D.Pa.1983). In *In re Brock*, 6 B.R. 105 (Bankr.N.D.Ill.1980), Judge Richard DeGunther stated: "Section 1327, therefore, virtually renders a secured creditor provided for in a Confirmed Plan impotent." *Id.* at 108. In light of the undisputed fact that there have been no post-confirmation defaults under the plan and payments outside the plan were tendered to Principal, the Court declines to presently lift the stay.

Principal had every opportunity to object to confirmation and failed to do so. Principal's proof of claim was timely filed on September 8, 1988, with the Clerk of the Bankruptcy Court. The proof of claim was receive stamped by the Trustee's office the previous day. The Court, however, is concerned by the Trustee's recommendation that this plan be confirmed. It is apparent from the proof of claim that the amount of the claim exceeded the amount proposed to be paid it both inside and outside the plan. A recommendation of confirmation at the hearing three weeks later never should have been given by the Trustee.

The motion prays for such other and further relief as the Court may deem appropriate. However, it neither invokes nor shows grounds under Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024 for the Court to vacate the confirmation order. Absent adequate evidence which Principal has chosen not to submit, this Court cannot, post confirmation, impute a lack of good faith to the Debtor under section 1325(a)(3) as required by the standards set forth by *In re Rimgale*, 669 F.2d 426 (7th Cir.1982) and *Matter of Smith*, 848 F.2d 813 (7th Cir. 1988). Moreover, the Debtor's spouse's pending case and this case are not serial filings by the same debtor. Hence, *Russo* is not applicable.

Pursuant to 11 U.S.C. § 105(a), however, the Bankruptcy Court is invested with the power to issue any order or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code and to make any determination necessary or appropriate to enforce or implement court orders or to prevent an abuse of process. Under the facts and history of this case, the confirmed plan does not provide for full payment of Principal's allowed claim to which no objection was filed. Therefore, the plan does not provide completely equitable treatment of Principal's under-secured claim. The confirmed plan proposed to pay one hundred percent of allowed secured and unsecured claims in full over a forty-eight month plan term. Even if all plan payments were paid over to Principal plus all payments outside the plan, its claim will not be fully paid during the term of the plan. The aggregate of payments inside and outside the plan will not in fact pay Principal's claim of $80,-093.12 in full.

Therefore, the Court will prospectively modify the stay automatically upon a material sixty-day default by the Debtor in either (1) his future payments to be made to the Trustee under the confirmed plan; (2) those future payments which are to be made to Principal outside the plan on a decelerated basis; or (3) upon completion of the plan, whichever events of material default or plan completion first occurs. Upon completion of the plan or such automatic modification of the stay, Principal will have recourse against its collateral in rem for the unpaid balance of its claim.

## V.  CONCLUSION

For the foregoing reasons, the Court hereby denies the motion to lift the automatic stay at this time. However, if there are any post-confirmation material defaults as described above, the stay will be automatically lifted in favor of Principal without further hearing or Order of the Court.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.