**In the Matter of Mary Francis BEARD, Debtor.**

**Bankruptcy No. 87–11501.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

April 3, 1990.

Rebecca Harper, Marion, Ind., for debtor.

Debbie Leonard, Office of the U.S. Atty., Fort Wayne, Ind., for creditor.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court on the debtor's objection to the proof of claim filed by the Internal Revenue Service. The objection originally raised questions concerning both the amounts due the IRS and its lien for unpaid taxes. Pursuant to a stipulation filed by the parties, all issues, except those pertaining to the tax lien, have been resolved.

Debtor, Mary Francis Beard, filed for relief under Chapter 13 of the United States Bankruptcy Code on November 6, 1987. As of that date, she owed the IRS the total sum of $2,694.26. Of this amount, $781.20 represented an unsecured priority claim and $59.20 represented a general unsecured claim, as a result of the tax year ending December 31, 1986. The remaining $1,853.86, representing taxes due for the years 1981, 1982, and 1985, was filed as a secured claim due to notices of tax liens which had been filed prior to the petition. The IRS filed its claim reflecting these amounts and its recorded liens on December 9, 1987.

In debtor's schedules, the IRS is listed as being owed $1,300.00 on account of which it holds a "disputed tax lien." The value of its security is placed at $5.21. The plan provided:

2. (A) The Internal Revenue Service claim shall be deemed secured to the limited extent of $5.21, *said amount constituting the* cash deposit reflected in Debtor's schedule of *property which is not subject to exemption pursuant to 26 U.S.C. § 6334(a).* Said amount shall be paid with a deferred value factor at the fixed rate of 9% per annum. Provided that the entire balance of the Internal Revenue Service claim shall be deemed unsecured for purposes of distribution herein.

\* \* \* \* \* \*

5. Upon payment as provided herein, the statutory lien of the Internal Revenue Service ... shall be deemed satisfied and extinguished.

\* \* \* \* \* \*

7. Title to the Debtor's property shall revest in the Debtor upon confirmation of the Plan (emphasis supplied).

The IRS did not appear at the meeting of creditors, held on December 28, 1987, or at the confirmation hearing of January 20, 1988. The Chapter 13 plan was confirmed, without objection, by an order entered on January 25, 1988.

In response to the Trustee's recommendation for allowance, the debtor filed an objection to the IRS' claim. The debtor asserts that the property actually subject to the tax lien does not have sufficient value to support an allowed secured claim for the full amount designated as secured and that the value of the IRS' allowed secured claim is now limited, through res judicata, by confirmation of the plan. Accordingly, we must determine whether a tax lien is limited to the property which is not subject to the levy exemption of 26 U.S.C. § 6334(a). If not, we must determine whether confirmation had any effect upon this lien.

The first issue before us concerns the scope of a federal tax lien. The origin and existence of a lien for unpaid taxes is purely a statutory creation. In this instance, these issues are governed by the Internal Revenue Code, which is Title 26 of the United States Code.

Should any taxpayer neglect or refuse to pay taxes due the United States after demand has been made, the amount of that liability, which includes not only the underlying tax but also interest and penalties, becomes "a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. This lien arises at the time the assessment is made and continues until the entire obligation is satisfied or becomes unenforceable. 26 U.S.C. § 6322. It may then be perfected—in the sense that it becomes valid against third parties who subsequently acquire an interest in the taxpayer's property—by filing a proper notice concerning it. 26 U.S.C. § 6323.

Section 6334 of the Internal Revenue Code exempts certain property from levy by the IRS. In relevant part the section states:

(a) Enumeration—There shall be exempt from levy—

(1) Wearing apparel and school books. —Such items of wearing apparel and such school books as are necessary for the taxpayer or for the member of his family;

(2) Fuel, provisions, furniture, and personal effects.—If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and personal effects in his household, and of arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $1,500.00 in value.... 26 U.S.C. § 6334(a).

Debtor takes the position that these exemptions exclude the enumerated property from the scope of the lien itself. In other words, because of the exemptions of § 6334, the tax lien did not attach to the exempt property. The IRS contends that, although the lien attached, because of the exemptions it may not be enforced, through levy, as to the exempt property. It argues that if the IRS chose to utilize judicial foreclosure proceedings, however, the lien could be enforced against the property that is exempt from levy.

The federal tax lien attached to all property of the debtor. This is clear from the plain language of the statute, which extends the lien to "all property and rights to property" of the taxpayer. 26 U.S.C. § 6321. In the same fashion, the plain language of the exemption statute protects exempt property only from levy. 26 U.S.C. § 6334. It does not shield property from the lien itself. The fact that some of the taxpayer's property may subsequently be exempt from levy, in order to satisfy the tax lien, does not alter the fact that the property is subject to the lien.

This conclusion is supported by the recent 9th Circuit decision, *IRS v. Barbier*, 896 F.2d 377 (9th Cir.1990) which reversed *In re Barbier*, 84 B.R. 190 (D.Nev.1988). The circuit court held that claims against a debtor for "income tax deficiencies, including interest and penalties, may be secured by a lien on property exempt from levy under section 6334(a)." *IRS v. Barbier*, *supra*, at 378. The court recognized that federal tax liens are very broad and "attach to an extremely wide range of property." *Id. See also United States v. National Bank of Commerce*, 472 U.S. 713, 720–21, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985).

The circuit court noted another reason why a tax lien should attach to exempt property, which stems from the difference between a levy and a lien. Its discussion of this point merits restatement in full:

A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent income taxes.... The IRS's levying power is limited because a levy is an immediate seizure not requiring judicial intervention.... A levy connotes compulsion or a forcible means of extracting taxes from a recalcitrant taxpayer ... A taxpayer subject to an IRS levy is provided certain protections such as notice and an opportunity to pay the taxes due before the seizure....

A lien, however, is merely a security interest and does not involve the immediate seizure of property. A lien enables the taxpayer to maintain possession of protected property while allowing the government to preserve its claim should the status of the property later change. If, for instance, the debtor later sells his exempt personal property for cash, the IRS would be entitled to obtain such proceeds.

Reading sections 6334 and 6321 together leads to the conclusion that the former section is a limitation on the government's ability forcibly to seize the taxpayer's property but not a bar to the government's ability to assert a security interest in such property. The plain words of section 6321 allow a tax lien to be attached to all of the taxpayer's property, including property exempt from IRS levy. *IRS v. Barbier, supra,* [at 379] (citation omitted).

Thus, while "26 U.S.C. § 6334 may prohibit involuntary seizure of certain property by the IRS, it does not destroy the property interest, or lien, granted by 26 U.S.C. § 6321." *In re Jackson,* 80 B.R. 213, 215 (Bankr.D.Colo.1987). Therefore, we hold that 26 U.S.C. § 6334 does not prevent a federal tax lien from attaching to all of a debtor's property, even the property which is exempt from levy. *See also In re Bates,* 81 B.R. 63 (Bankr.D.Or.1987); *In re Ridgley,* 81 B.R. 65 (Bankr.D.Or.1987); *In re*

*Driscoll,* 57 B.R. 322, 327 (Bankr.W.D.Wis. 1986).

■ The next issue that confronts us is whether the tax lien was destroyed by confirmation of the Chapter 13 plan. The Bankruptcy Code gives confirmation a binding effect, through 11 U.S.C. § 1327.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan. 11 U.S.C. § 1327.

Through the operation of this section, confirmation of a plan is res judicata as to all issues that were or could have been resolved during the confirmation process. *In re Randall,* 98 B.R. 916, 918 (Bankr.N.D. Ill.1989); *In re Zimble,* 47 B.R. 639, 640 (Bankr.D.R.I.1985). Debtor maintains that, pursuant to § 1327, the IRS is bound by the provisions of the confirmed plan limiting its secured claim to the property exempt from levy.

■ Addressing debtor's arguments requires the court to draw careful distinctions between what a plan may and may not accomplish when it designates the treatment of secured claims. The debtor clearly has the opportunity to modify secured claims. This ability is specifically recognized by § 1322(b)(2). Yet modification has its limits. Even where confirmed without objection, a plan will not eliminate a lien simply by failing or refusing to acknowledge it or by calling the creditor unsecured. *In re Simmons,* 765 F.2d 547, 554–59 (5th Cir.1985).

The bankruptcy rules create two different types of proceedings for resolving dis-

putes before the bankruptcy court—adversary proceedings and contested matters. *See* Bankruptcy Rules 7001 and 9014. Of the two, adversary proceedings are the more formal. They are initiated by a summons and complaint, to which the defendant is expected to respond. For contested matters, relief is generally sought through a motion and a response is not necessary unless the court requires one. If an adversary proceeding is required to resolve the disputed rights of third parties, the potential defendant has the right to expect that the proper procedures will be followed. *See In re Commercial Western Finance Corp.*, 761 F.2d 1329, 1336–38 (9th Cir. 1985).

■ The distinction between adversary proceedings and contested matters becomes especially significant where secured claims are concerned. There are at least three different ways a secured claim may be challenged. The amount of the claim can be questioned, by objecting to its allowance. The value of the lien can be put in issue, by a request to determine secured status. Third, the lien itself can be directly attacked. Of these challenges, the first two are contested matters, while the third requires an adversary proceeding.

■ Objections to the allowance of a claim and the determination of secured status are contested matters. The issues they raise do not require an adversary proceeding. *See* Bankruptcy Rules 3007 and 3012. Both issues, however, will have a decided impact upon the creditor's lien. *See* 11 U.S.C. § 506(d). A valid secured claim cannot exist for more than the lesser of the amount due the creditor or the value of the creditor's lien. 11 U.S.C. § 506(a). To the extent the amount due a creditor exceeds the value of the lien securing payment, the claim is unsecured. Thus, with few exceptions, where a claim is neither allowed nor secured by a valuable lien, the lien is void. 11 U.S.C. § 506(d). Yet neither an objection to the allowance of a claim nor the determination of secured status question the existence of the underlying lien securing the claim. Rather, they both assume that the lien is otherwise valid and enforce-

able. The resulting impact upon the lien is purely incidental to the issues concerning the amount due the creditor and the value of the creditor's interest in property of the estate.

■ Among the disputes which are specifically identified as requiring an adversary proceeding is one which asks the court "to determine the validity, priority, or extent of a lien...." Bankruptcy Rule 7001(2). *See also In re Commercial Western Finance Corp., supra,* 761 F.2d at 1336–37; *In re Jablonski,* 70 B.R. 381, 385 (Bankr.E.D.Pa.1987); *In re Breaux,* 55 B.R. 613 (Bankr.M.D.Ala.1985); *In re Palombo Farms of Colorado, Inc.,* 43 B.R. 709 (Bankr.D.Colo.1984). This type of dispute is distinguishable from questions concerning claim allowance and lien valuation in that "the basis of the lien itself" is placed in issue. Bankruptcy Rule 3012 advisory committee's note. Thus, if a secured claim is challenged due to questions concerning the validity of a lien (the existence or legitimacy of the lien itself), its priority (the lien's relationship to other claims to or interests in the collateral), or its extent (the scope of the property encompassed by or subject to the lien) an adversary proceeding is required. Questions of this kind are not resolved by the less formal procedures applicable to contested matters.

■ By itself, the question of confirmation is neither an adversary proceeding nor a contested matter. It becomes a contested matter only if an objection is made. Bankruptcy Rule 3020(b)(1). *See also Matter of Dues,* 98 B.R. 434, 440 (Bankr.N.D. Ind.1989).

■ While many of the issues concerning a secured claim can be and are "subsumed in the confirmation process," *In re Rogers,* 57 B.R. 170, 173 n. 2 (Bankr.M. D.Tenn.1986), that process does not encompass all possible issues. Since it is at best a contested matter, the only questions which are properly before the court in the context of confirmation are those which can be raised as contested matters. Only as to issues of this kind will confirmation

operate as res judicata.[1] If an issue must be raised through an adversary proceeding it is not part of the confirmation process and, unless it is actually litigated, confirmation will not have a preclusive effect. This unifying principle harmonizes many of the seemingly conflicting decisions on the issue of confirmation and res judicata. *Compare In re Randall, supra,* 98 B.R. at 918; *In re Stage,* 79 B.R. 487, 488 (Bankr. S.D.Cal.1987); *In re Zimble, supra,* 47 B.R. at 640; *Waterfield Mort. Co., Inc. v. Clark,* 31 B.R. 502, 505–06 (Bankr.S.D. Ohio 1983); *In re Lewis,* 8 B.R. 132, 137 (Bankr.D.Idaho 1981) *with In re Simmons, supra,* 765 F.2d at 554–59; *Matter of Riley,* 88 B.R. 906 (Bankr.W.D.Wis.1987); *Matter of Mikrut,* 79 B.R. 404 (Bankr.W.D. Wis.1987); *In re Spohn,* 61 B.R. 264 (Bankr.W.D.Wis.1986).

 The determination of the amount due on account of a creditor's claim and the value of a lien securing a claim are contested matters and, thus, may properly be dealt with during the confirmation process. A challenge which questions the validity or existence of a lien, its extent or the scope of the property encompassed by it, or the lien's priority in relation to other interests, however, requires an adversary proceeding. Disputes of this nature are not resolved by the confirmation process. Therefore, when a plan is confirmed without objection, although the value of an acknowledged lien securing a claim will be binding upon a creditor, a secured creditor is not bound by the terms of the confirmed plan with respect to limitations upon the scope or validity of the lien securing its claim. *See Matter of Riley, supra,* 88 B.R. at 911. *See also Matter of Mikrut, supra,* 79 B.R. at 406.

Debtor's challenge to the tax lien involves its validity or extent—in terms of whether or not the lien attached to the property in question. The plan did not attempt to limit the value of the lien based upon the value of the property legitimately subject to it. Instead, it sought to limit the

scope of the lien by excluding property from it. Since the IRS did not object to confirmation, the issues concerning the validity or extent of its lien were not litigated. As a result, confirmation does not have a preclusive effect. The tax lien survives undiminished—notwithstanding the contrary terms of the confirmed plan.

The information before the court indicates the value of the property subject to the tax lien exceeded the amounts due. As a result, as of the date of the petition, the IRS' claim for the tax years 1981, 1982 and 1985 was fully secured. The claim will be allowed accordingly.

---

1. This assumes, of course, that the plan is sufficiently specific in revealing why the claim is not allowable and why, acknowledging the asserted

validity, priority, and extent of a creditor's lien, the value of that lien is not sufficient to secure the debt. *In re Rogers, supra,* 57 B.R. at 172.