Billy Gene PEMELTON, Appellant,

v.

**RUSSELL TRUSTS PARTNERSHIP, Appellee.**

No. 13-94-167-CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 14, 1995.

Van A. Hutchins, McAllen, for appellant.

Darlene Vale, McAllen, for appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Gene Pemelton, defendant in the trial court, appeals from an adverse summary judgment entered in favor of the Russell Trusts Partnership ("Russell"). In an underlying suit, Pemelton filed for Chapter 12 bankruptcy protection wherein Russell, a secured creditor, elected to receive his security interest in lieu of repayment of a debt owed

by Pemelton. Russell was granted a Relief from Stay from the bankruptcy court, and filed suit in state court to foreclose on its vendor's lien. Summary judgment was granted for Russell on the basis that the doctrine of res judicata barred Pemelton from contesting the foreclosure. We reverse and remand.

## PROCEDURAL POSTURE AND FACTS OF THE CASE

Pemelton executed a promissory note in the sum of $108,000.00 payable to Jack Hales, Jr., Trustee for the Russell Trusts Partnership, payable in annual installments of $10,800.00 until paid in full. The note was secured by a vendor's lien.

On March 18, 1987, Pemelton filed for bankruptcy relief under Chapter 12 of the U.S. Bankruptcy Code. Pemelton's Amended Plan of Reorganization stated that Russell would receive "its entire security interest, if any, in lieu of any debt that may be owed by the estate." Pemelton's bankruptcy action automatically stayed any actions by Russell to repossess or enforce any liens.

Russell petitioned the Bankruptcy court for relief from the automatic stay provision pursuant to § 362(d) of the Bankruptcy Code.

The court modified the mandatory stay in accordance with 11 U.S.C. § 362 permitting Russell to take "any and all actions necessary to foreclose on its liens and security interests against the property of [Pemelton]." The lien was thus removed from the jurisdiction of the bankruptcy court.

Russell proceeded to file suit for judicial foreclosure of the vendor's lien in state court and moved for summary judgment claiming that the bankruptcy action established Pemelton's liability on the lien as a matter of law. The trial court granted Russell's motion stating that it found "title [to the property in question] to be vested in [Russell] pursuant to a bankruptcy order which is now res judicata."

Pemelton appeals by a single point of error contending the Amended Plan of Reorganization and the Order for Relief from Stay are not res judicata to his attack on the validity of Russell's vendor's lien.

## DISCUSSION

Under Rule 166a of the Texas Rules of Civil Procedure, the issue on appeal from a summary judgment is whether the movant, here Russell, established as a matter of law that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970). In its Motion for Summary Judgment, Russell alleged res judicata and collateral estoppel. Therefore, Russell had the burden of proving its right to summary judgment by conclusively proving all essential elements of its cause of action as a matter of law. *See Swilley,* 488 S.W.2d at 67. We are required, then, to take evidence favorable to Pemelton as true, indulge every reasonable inference for Pemelton, and resolve any doubts in his favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985).

Since the bankruptcy proceedings took place in federal court, we are required to follow the federal law of res judicata. *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985); *Commercial Box & Lumber Co. v. Uniroyal, Inc.,* 623 F.2d 371, 373 (5th Cir.1980). Under federal law, the doctrine of res judicata applies if (1) the parties are identical in both suits, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) there is a final judgment on the merits, and (4) the same cause of action is involved in both cases. *See In re Air Crash at Dallas/Fort Worth Airport,* 861 F.2d 814, 816 (5th Cir.1988). This four-part test has been applied in the context of a bankruptcy order confirming a plan of reorganization. *See Howe v. Vaughn,* 913 F.2d 1138, 1143 (5th Cir.1990).

It is undisputed that the parties appearing before the trial court were the same parties before the bankruptcy court, and that the reorganization plan was rendered by a court of competent jurisdiction. The first and sec-

ond elements of the test are therefore satisfied.

■ The third element requires a final judgment. Russell first argues that the Agreed Order Modifying Stay represented the court's confirmation and final adjudication of the validity of its lien. Congress included the provision for relief from stay under § 362(d) of the Bankruptcy Code, allowing bankruptcy courts to lift the stay as to certain creditors if grounds for relief are presented. *Matter of Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1232 (7th Cir.1990). The hearing on a motion for relief from stay is meant to be a summary proceeding, and the statute requires the bankruptcy court's action to be quick. *Id.* Accordingly, such hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate. *Id.*

■ The procedures established by the Bankruptcy Rules for a relief from stay also point to the limited scope of the hearing. *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir.1994). Relief from the stay is obtained by a simple motion, FED. R.BANKR.P. 4001, and it is a "contested matter," rather than an adversary proceeding. *Grella*, 42 F.3d at 33; FED.R.BANKR.P. 9014. In contrast, all actions to determine the validity of a lien require a full adjudication on verified pleadings, and must be litigated in adversary proceedings. FED.R.BANKR.P. 7001, *Grella*, 42 F.3d at 33. If the stay is lifted, the creditor may then prosecute its claim in subsequent litigation. *Grella*, 42 F.3d at 34. The debtor is not precluded from raising defenses or counterclaims in those subsequent proceedings. *Id.* As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus, a decision to lift the stay is not an adjudication of the validity or avoidability of the

claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere. *Id.*

Applying the law to the facts in the present case, it is evident that the bankruptcy court's order lifting the automatic stay did not have a preclusive effect on Pemelton's defense. The only issue properly before the court was whether Russell's claim was colorable, or sufficiently plausible, to lift the stay. The court did not adjudicate the substantive merits of Russell's claim.

■ Russell further argues that the Order Confirming the Reorganization Plan constituted a final adjudication of his claim. However, Russell presented no summary judgment proof that the plan was ever confirmed. In fact, when this suit was filed on September 8, 1987, the bankruptcy suit was still pending. The confirmation hearing took place on November 13, 1987.

The limited record presented for our review prevents us from determining the date the bankruptcy suit terminated but we can deduce that it had not been finalized at the time suit was filed.[1]

Even if the Plan of Reorganization had been confirmed, the confirmation would not constitute adjudication of the validity of Russell's lien. As previously discussed, among the disputes which are specifically identified as requiring an adversary proceeding is one which asks the court "to determine the validity, priority, or extent of a lien." FED. R.BANKR.P. 7001(2); *see also In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1336–37 (9th Cir.1985). This type of dispute is distinguishable from questions concerning claim allowance and lien valuation in that "the basis of the lien itself" is placed in issue. FED. R.BANKR.P. 3012 (advisory committee's note). Thus, if a secured claim is challenged due to questions concerning the validity of a lien, its priority, or its extent, an adversary proceeding is required.

---

1. The only relevant evidence of the bankruptcy proceedings presented for our review includes (1) Russell's Motion For Relief From Automatic Stay (filed July 15, 1987); (2) Pemelton's First Amended Plan of Reorganization (filed in the bankruptcy court on August 3, 1987); (3) the bankruptcy court's Agreed Order Modifying Stay (filed August 6, 1987); and (4) a portion of a transcription (pages 28–34) of the confirmation hearing held on November 13, 1987. Otherwise, Russell presents no other proof that the bankruptcy court confirmed the Plan.

The confirmation process is neither an adversary proceeding nor a contested matter. It becomes a contested matter only if an objection is made. FED.R.BANKR.P. 3020(b)(1); *see Matter of Dues*, 98 B.R. 434, 440 (Bankr.N.D.Ind.1989). Since it is at best a contested matter, the only questions which are properly before the court in the context of confirmation are those which can be raised as contested matters. *Matter of Beard*, 112 B.R. 951, 955 (Bankr.N.D.Ind.1990). The determination of the amount due on account of creditor's claim and the value of a lien securing a claim are contested matters and, thus, may properly be dealt with during the confirmation process. *Id.* at 956. A challenge that questions the validity or existence of a lien, however, requires an adversary proceeding and, thus, is not resolved by the confirmation process. *Id.*

We hold that the bankruptcy proceedings did not adjudicate the substantive validity of Russell's lien and do not preclude Pemelton from asserting his defense in state court. Summary judgment on the basis of res judicata was improper.

Accordingly, we REVERSE the trial court's summary judgment, and REMAND for a trial on the merits.