**In re Ray Kemp STANSBURY and Jennifer L. Stansbury, Debtors.**

**No. 3:08–BK–1882–PMG.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 9, 2009.

Albert H. Mickler, Bryan K. Mickler Jacksonville, FL, for Debtors.

Carol A. Lawson, Douglas Zahm, P.A., Clearwater, FL, for Creditor.

## ORDER ON DEBTORS' OBJECTION TO CLAIM 2

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Objection of the Debtors, Ray Kemp Stansbury and Jennifer L. Stansbury, to Claim Number 2 of CNL Bank (the Bank).

Prior to the filing of the bankruptcy petition, the Bank extended a loan to the Debtors, to two other individuals, and to a corporation known as Salt Air Development, Inc. The Debtors owned all of the stock of the corporation. The loan was for the purchase of and was secured by certain real property owned by the corporation.

The Debtors' Chapter 13 Plan provided that the corporate real property that was security for the note would be surrendered to the Bank "in full satisfaction" of the Bank's claim in the Debtors' bankruptcy case. The Plan was confirmed on June 25, 2008, without objection by the Bank.

The Bank subsequently filed Claim Number 2 as a timely, unsecured claim in the amount of $197,260.17.

The Debtors contend that the Bank is bound by the Order Confirming their Chapter 13 Plan, which had determined that the allowed amount of the Bank's claim was "$0.00." Consequently, the Debtors assert that the Bank's claim should be disallowed.

### Background

The Debtors filed a petition under Chapter 13 of the Bankruptcy Code on April 7, 2008.

On their schedule of assets, the Debtors listed the following real property:

Corporate property located in St. Johns County, FL at 317 Minorka Ave., St. Augustine, FL—not in Debtors' personal name.

The Debtors described the nature of their interest in the corporate real property as "equitable only," and listed the value of their interest as "$0.00."

On their schedule of personal property, the Debtors listed the following business interest:

100% of Salt Air Development, Inc.—Business closed

Assets = real estate valued at $535,595 and trailer and tools of $500

Debts = mortgage of $702,000

The Debtors listed the value of their stock interest in Salt Air Development, Inc. as "$0.00."

On their schedule of creditors holding secured claims, the Debtors listed the Bank as holding a claim in the amount of $705,000.00. The scheduled claim was described as follows:

Purchase money mortgage

Corporate property located in St. Johns County, FL at 317 Minorka Ave., St. Augustine, FL—not in Debtors' personal name.

The Bank was not listed as an unsecured creditor on the Debtors' schedules.

The Debtors filed a Chapter 13 Plan on the same date that they filed their bankruptcy petition and schedules. (Doc. 5). Section 4 of the Plan describes the treatment of claims to be paid under the Plan. Section 7 of the Plan provides for "Property to Be Surrendered to Secured Creditor in full satisfaction of claim," lists CNL as the creditor, and describes the collateral as follows:

Corporate property (not in Debtors' personal name) located at:

317   Minorka Avenue

St. Augustine, Florida

A hearing to consider confirmation of the Chapter 13 Plan was conducted on June 10, 2008.

On June 25, 2008, the Court entered an Order Confirming Chapter 13 Plan, Allowing Claims, and Directing Distribution. (Doc. 17). According to Exhibit "A" attached to the Order Confirming Plan, the Bank's collateral was to be surrendered, the allowed amount of the Bank's claim was "$0.00," and no payment was to be made to the Bank under the Plan.

On July 25, 2008, the Bank filed a timely Proof of Claim. (Claim 2). The Claim was filed as an unsecured claim in the amount of $197,260.17. In the Proof of Claim, the Bank asserts that the "debt is secured by a Mortgage on real estate owned by co-debtor Salt Air Development, Inc. Debtors do not own any property which secures this claim."

A copy of a Revolving Promissory Note in the original principal amount of $950,000.00 is attached to the Claim. The Borrowers under the Note are identified as Salt Air Development, Inc., the Debtors, and two other individuals.

A breakdown of the amount due under the Note is also attached to the Claim. According to the breakdown, the amounts due under the Note as of the petition date totaled $732,855.17, and the Debtors received a "credit for value of collateral" in the amount of $535,595.00. Consequently, the Bank asserts that the remaining balance owed by the Debtors under the Note is $197,260.17.

On August 18, 2008, the Debtors filed an Objection to Claim 2. (Doc. 20). In the Objection, the Debtors contend that the Bank's claim "should be treated as a se-

cured claim based upon the Order Confirming Chapter 13 Plan dated June 25, 2008 in which this debt was listed as secured."

On September 18, 2008, the Bank filed its Response to the Debtors' Objection. (Doc. 21). In the Response, the Bank asserts:

1. "Salt Air Development, Inc. owned real property located in St. Johns County, Florida, (the 'Salt Air Property') which was encumbered by a mortgage in favor of CNL Bank." (¶ 2).

2. "The Salt Air Property is not owned by the Debtors and is not 'property of the estate' as that term is defined in Section 1306 and Section 541 of the Bankruptcy Code." (¶ 4).

3. "In the instant case, because the estate has no interest in the Salt Air Property, CNL cannot be deemed to be a secured creditor of the Debtors." (¶ 6).

4. "In light of the foregoing, the proposed 'surrender' of the Salt Air Property to CNL Bank under the Chapter 13 Plan is a nullity notwithstanding the confirmation order in that this Court had no jurisdiction over the Salt Air Property and CNL Bank did not have a secured claim against property of the estate." (¶ 9).

The Bank requests the entry of an Order allowing its Proof of Claim Number 2 as an unsecured claim in the Debtors' Chapter 13 case.

### Discussion

It is clear that the real property securing the claim was not owned by the Debtors, but was instead owned by a separate corporation known as Salt Air Development, Inc. The Debtors did not own any property that served as collateral for the Bank's loan, and the Bank therefore was not a secured creditor of the Debtors.

The Debtors' schedules show that the property was corporate property, that the debt to the Bank was owed by both the Debtors and the corporation, and that the debt was secured by the corporate property. The Debtors' Plan provided that the surrender of the property would be in full satisfaction of Debtors' obligation to the Bank. The Bank now contends that the Plan improperly classified its claim as a secured claim.

The Order Confirming the Debtors' Chapter 13 Plan provides that the collateral will be surrendered in full satisfaction of the Bank's claim, and that the amount of the Bank's claim in the Chapter 13 case is "$0.00."

After the Order Confirming Plan had been entered, the Bank filed a timely Proof of Claim in the Chapter 13 case. In the Claim, the Bank asserts an unsecured claim against the Debtors in the amount of$197,260.17.

The issue in this case, therefore, is whether the Bank is bound by the Order Confirming the Debtors' Chapter 13 Plan, despite the Bank's assertion that the Plan improperly classified its claim as a secured claim.

The Court finds that the Bank is bound by the Order Confirming Plan pursuant to § 1327 of the Bankruptcy Code and the principles of res judicata.

### A. Section 1327 and the doctrine of res judicata

Section 1327(a) of the Bankruptcy Code provides:

**11 USC § 1327. Effect of confirmation**

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has object-

ed to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a). "Accordingly, a confirmed plan is *res judicata* as to any issues resolved or subject to resolution at the confirmation hearing." *In re Meeks*, 237 B.R. 856, 858–59 (Bankr.M.D.Fla.1999).

■ Pursuant to § 1327(a), the provisions of a confirmed Chapter 13 plan bind the debtor and all creditors, and a confirmed plan is *res judicata* as to all issues that were litigated or could have been litigated as part of the confirmation process. *In re Ayre*, 339 B.R. 684, 687 (Bankr.C.D.Ill.2006), *aff'd* 360 B.R. 880 (C.D.Ill.2007).

■ In determining whether a confirmed Chapter 13 plan binds a particular creditor, Courts generally evaluate two primary factors.

■ First, the Court should determine whether the affected creditor received proper notice of the proposed plan. *In re Ayre*, 339 B.R. at 687. In deciding whether a confirmed plan is *res judicata* as to a particular creditor, the "pivotal issue" is whether the creditor received adequate notice that its rights would be modified by the plan. *In re Durham*, 260 B.R. 383, 387 (Bankr.D.S.C.2001). In other words, the "provisions of a confirmed Chapter 13 plan are binding on the debtors and creditors whose claims are provided for in the plan absent fraud and *assuming the requirements of due process have been met.*" *In re Szalinski*, 360 B.R. 104, 107 (Bankr.W.D.Pa.2007)(Emphasis supplied).

■ Second, the Court should determine whether the issue resolved in the plan was appropriately addressed as a contested matter in the confirmation process, or whether it should have been resolved in the context of an adversary proceeding. *In re Ayre*, 339 B.R. at 687. If the issue

may otherwise be resolved as a contested matter under the Bankruptcy Code and Rules, the confirmed plan is binding on the parties to the issue. Matters which require an adversary proceeding, however, "generally may not be resolved through the confirmation process." *Id.* In other words, a confirmed plan is binding on all creditors, unless a particular creditor was otherwise entitled to the heightened procedural safeguards provided by an adversary proceeding. *In re Carter*, 390 B.R. 648, 650–51 (Bankr.W.D.Mo.2008).

■ The purpose of § 1327(a), of course, is to promote the finality of orders confirming Chapter 13 plans.

> "There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order." Section 1327 and the cases apply the doctrine of res judicata in order to insure that these issues are dealt with at the time of confirmation, when the Court determines whether a debtor is able to fulfill its obligations under the plan as proposed.

*In re Carter*, 390 B.R. at 654(citing *In re Mersmann*, 505 F.3d 1033, 1047 (10th Cir. 2007)). Even where the proposed treatment of a specific claim was inappropriate, "the interest in the finality of confirmation orders in bankruptcy proceedings is stronger than the bankruptcy court's obligation to verify a plan's compliance with the Bankruptcy Code." *In re Burrell*, 346 B.R. 561, 570 (1st Cir.BAP 2006).

### B. Application

■ The Court has considered the factors arising under § 1327(a) in this case, and determines that the Bank is bound by the Order Confirming the Debtors' Chapter 13 Plan.

## 1. Notice

First, it appears undisputed that the Bank received notice of the Debtors' Chapter 13 case and of the date scheduled for the confirmation hearing. It is also undisputed that the Bank received a copy of the Debtors' Chapter 13 Plan in time to file an objection to confirmation.

The Debtors filed their Chapter 13 petition on April 7, 2008, and listed the Bank as a creditor on their schedules. The Bank was therefore included on the list of parties entitled to notice in the bankruptcy case.

On April 7, 2008, the Debtors also filed their Chapter 13 Plan. (Doc. 5). Paragraph 7 of the Plan states as follows:

7. Property to Be Surrendered to Secured Creditor in full satisfaction of claim (property not subject to valuation under 11 U.S.C. § 506(a)):

Creditor:

CNL

Account No.: 320000254

Collateral:

corporate property (not in Debtors' personal name) located at: 317 Minorka Avenue, St. Augustine, Florida

(Doc. 5).

On April 8, 2008, the Court issued its Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines. (Doc. 6). The Notice stated that the Debtors' Plan or a summary of the Plan would be mailed separately, and that the hearing to consider confirmation of the Plan would be conducted on June 10, 2008, at 9:30 a.m. The Notice also stated that any party opposing the relief sought must appear at the hearing "or any objections or defenses may be deemed waived." Finally, the Notice contained the address for the Bankruptcy Court at which any objections to confirmation could be filed.

On April 10, 2008, a copy of the Notice was served on the Bank. (Doc. 8).

On April 10, 2008, a copy of the Debtors' Chapter 13 Plan was served on the Bank. (Doc. 9).

The Bank has not asserted that it did not receive the Notice or Plan, or that it had no knowledge of the confirmation hearing scheduled for June 10, 2008.

The Bank did not file a written objection to confirmation of the Debtors' Plan, and did not appear at the confirmation hearing on June 10. At the conclusion of the hearing, the Court determined that the Plan should be confirmed.

The Order Confirming Chapter 13 Plan, Allowing Claims and Directing Distribution was entered on June 25, 2008. (Doc. 17). According to Exhibit A attached to the Order, the Bank's collateral was to be surrendered to the creditor, and the allowed amount of the Bank's claim was "$0.00."

On June 27, 2008, a copy of the Order Confirming Chapter 13 Plan was served on the Bank. (Doc. 18). The Bank has not asserted that it did not receive a timely copy of the Order Confirming Plan.

The Bank has not filed a Motion for Rehearing or Reconsideration of the Order, and did not appeal the Order.

Based on the record, the Court finds that the Bank received timely notice of the Debtors' Chapter 13 case, and of the hearing scheduled to consider confirmation of the Debtors' Plan. The Debtors' Plan adequately set forth the Debtors' intentions regarding the debt to the Bank and the modification of the Bank's rights in the bankruptcy case. The record reflects that the Bank received a copy of the Plan in time to object to the proposed classification and treatment, and in time to appear at the confirmation hearing.

The Bank did not file a written objection or appear at the hearing, and did not otherwise oppose confirmation of the Plan. The Plan was confirmed without objection by the Bank. The Bank received a copy of the Order Confirming Plan, but did not seek relief from the Order in accordance with applicable Bankruptcy Rules.

■ Under these circumstances, the Court finds that the Bank should be bound by the Order Confirming Plan. A creditor with notice of a plan's terms has an obligation to protect its rights, and may not wait until after entry of an order confirming the plan to complain that its rights were adversely affected. To permit such inactivity would be inconsistent with § 1327(a) of the Bankruptcy Code and the policy favoring the finality of confirmation orders. *In re Szalinski*, 360 B.R. 104, 107 (Bankr.W.D.Pa.2007); *In re Durham*, 260 B.R. 383, 392 (Bankr.D.S.C.2001).

## 2. Type of issue

Second, the Court determines that the treatment of the Bank's claim under the Debtors' Plan was properly resolved as a confirmation issue.

The Plan classified the Bank as a secured creditor, and provided that the real property securing the Bank's loan would be surrendered in full satisfaction of the Bank's claim against the Debtors.

The Bank asserts that the Plan improperly classified its claim as a secured claim, and improperly proposed to surrender corporate property to satisfy its unsecured claim. (Doc. 21).

■ The issues surrounding the Debtors' proposed treatment of the Bank's claim, and the Bank's objections to the proposed treatment, are precisely the types of issues that could have been litigated in the confirmation process. *In re Ayre*, 360 B.R. 880, 884 (C.D.Ill.2007). The improper classification and treatment

of a claim are matters that are suitable for resolution at the confirmation hearing. *In re Burrell*, 346 B.R. 561, 568–70 (1st Cir. BAP2006). "Under § 1327(a), confirmation of a Chapter 13 plan is, in effect, an adjudication of litigation over the issues of the classification and treatment of claims provided for in a proposed Chapter 13 plan, and is *res judicata* on those issues." *In re White*, 370 B.R. 713, 718 (Bankr. E.D.Mich.2007).

In response, the Bank cites *Whelton v. Educational Credit Management Corporation*, 432 F.3d 150 (2d Cir.2005) and *In re Beard*, 112 B.R. 951 (Bankr.N.D.Ind.1990) for the proposition that a "confirmed plan has no preclusive effect on issues that must be brought by an adversary proceeding." (Doc. 27, p. 8). In *Whelton*, for example, the Court found that the confirmation of a debtor's plan had no res judicata effect on the discharge of his student loan, because such a discharge can only be obtained by commencing an adversary proceeding. *Whelton*, 432 F.3d at 155–56. Similarly, in *Beard*, the Court found that the confirmation of a debtor's plan did not have preclusive effect as to the extent or validity of a tax lien, because a determination of the validity or extent of a lien requires the filing of an adversary proceeding. *Beard*, 112 B.R. at 956.

The Court agrees with the general proposition that:

> [T]he only questions which are properly before the court in the context of confirmation are those which can be raised as contested matters. Only as to issues of this kind will confirmation operate as res judicata. If an issue must be raised through an adversary proceeding it is not part of the confirmation process and, unless it is actually litigated, confirmation will not have preclusive effect.

*In re Beard*, 112 B.R. at 955–56.

The decisions cited by the Bank, however, are factually distinguishable from the

case currently before the Court. Unlike the debtor in *Whelton,* for example, the Debtors in this case are not seeking to discharge a debt that is subject to the dischargeability provisions of § 523 of the Bankruptcy Code. Consequently, the proposed treatment of the Bank's claim does not require an adversary proceeding to determine the dischargeability of a debt under § 523 of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

Additionally, unlike the debtor in *Beard,* the Debtors in this case did not seek to determine the validity, extent, or priority of the Bank's lien through their Chapter 13 Plan. Specifically, they did not challenge the enforceability of the lien, the relation of the lien to other claims on the same property, or the scope of the property subject to the lien. *In re Sadala,* 294 B.R. 180, 183 (Bankr.M.D.Fla.2003).

In fact, the Debtors did not challenge the lien at all, but only sought to surrender the corporate property to the Bank in satisfaction of the Bank's claim. The proposed surrender of the property does not invoke any of the matters that must be brought as adversary proceedings under Rule 7001 of the Federal Rules of Bankruptcy Procedure. Although the Bank contends that the provision is a "nullity" because the Debtors did not own the property, the dispute regarding the classification and treatment of the Bank's claim does not require an adversary proceeding and is a proper issue for the confirmation process.

Under these circumstances, the Court finds that the Bank should be bound by the Order Confirming the Debtors' Plan. The Bank's objections to the Plan's treatment of its claim are not the type of matters that required the filing of an adversary proceeding, and the classification

of the claim was properly resolved as a confirmation issue.

### 3. The claims bar date

Finally, the Court acknowledges that the bar date for filing proofs of claim did not expire in this case until after the date set for the confirmation hearing. The Bank's claim was timely filed before the deadline for filing claims had passed.

■■■ A creditor is not excused from asserting its rights in the confirmation process, however, solely because the claims bar date had not expired prior to the confirmation hearing.

> [I]n the face of notice that timely and unambiguously informs a creditor that his claim will be disallowed in total and discharged under a Chapter 13 plan pending for confirmation, the creditor may not ignore the confirmation process and fail to object simply because the bar date for filing a proof of claim has yet to expire. A creditor who disregards a procedurally proper and plain notice that its interests are in jeopardy does so at its own risk. Confirmation of such a plan, after notice and opportunity for hearing, bars the creditor's later-filed claim under principles of *res judicata.*

*In re Fili,* 257 B.R. 370, 374 (1st Cir. BAP 2001). See also *In re Thaxton,* 335 B.R. 372, 375 (Bankr.N.D.Ohio 2005)(The creditor could not circumvent its failure to object to the plan by later filing a timely claim for a higher amount.)

In fact, the Bankruptcy Code now requires the confirmation hearing on a chapter 13 plan to be held no later than 45 days after the meeting of creditors (11 U.S.C. § 1324(b)), whereas the Bankruptcy Rules provide that the bar date for filing claims in a Chapter 13 case is generally 90 days after the first date set for the meeting of creditors (Fed.R.Bankr.P.3002(c)). Accordingly, creditors in a Chapter 13 case

750

should expect that a confirmation hearing will be held prior to the bar date for filing claims.

 The policy favoring the finality of confirmation orders is so strong that a creditor may not disregard its obligation to object to confirmation, and simply rely on a subsequent, timely-filed claim. If a creditor chooses to bypass the confirmation process, its later-filed claim may be barred by the confirmation order. *In re Chang*, 274 B.R. 295, 301–02 (Bankr. D.Mass.2002).

In this case, the Bank was not relieved of its obligation to object to the Debtors' Plan solely because the bar date for filing claims had not expired.

### Conclusion

The matter before the Court is the Debtors' Objection to the Bank's Proof of Claim. The Debtors contend that the Bank's claim should be disallowed because the Order confirming their Chapter 13 Plan provided that certain property would be surrendered to the Bank in full satisfaction of its claim.

The Court finds that the Bank should be bound by the Order confirming the Debtors' Plan, and that the Debtors' Objection to the Bank's claim should be sustained. The Bank received adequate notice of the terms of the Debtors' Plan in time to protect its rights at the confirmation hearing, but failed to object to the Plan or appear at the hearing. Further, the issues raised by the Debtors' treatment of the Bank's claim are matters that were properly resolved in the confirmation process. Consequently, the Court finds that the confirmed Plan is binding on the Bank pursuant to § 1327(a) of the Bankruptcy Code and the doctrine of res judicata.

Accordingly:

**IT IS ORDERED that:**

1. The Objection of the Debtors, Ray Kemp Stansbury and Jennifer L. Stansbury, to Claim Number 2 of CNL Bank is sustained.

2. Claim Number 2 of CNL Bank is disallowed.