In re The **CRESTWOOD COMPANY.**

**Bankruptcy No. 90–41944 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 24, 1991.

---

Matthew Niemann, Bryan, Cave, McPheeters & McRoberts, St. Louis, Peter Heister, Little Rock, Ark., for Boatman's Nat. Bank of St. Louis.

Glover Roberts, Sheinfield, Maley & Kay, Dallas, for debtor.

ORDER DENYING THE MOTION OF BOATMAN'S NATIONAL BANK OF ST. LOUIS TO DISMISS DEBTOR'S MOTION FOR VALUATION OF THE LAKEWOOD VILLAGE SHOPPING PARK

MARY D. SCOTT, Bankruptcy Judge.

On March 21, 1991, the debtor, The Crestwood Company, filed a Motion for

---

Valuation of Lakewood Village Shopping Park ("Lakewood Village"). The valuation Motion is set for hearing May 23, 1991. On March 28, 1991, Boatman's National Bank of St. Louis ("Boatman's") filed a Motion to Dismiss Debtor's Motion for Valuation. Boatman's Motion to Dismiss came on for hearing April 17, 1991. The debtor was represented by counsel, Glover Roberts, Esq. Boatman's was represented by counsel, Matthew Niemann, Esq.

Debtor's Motion requests a hearing to determine the value of Lakewood Village pursuant to 11 U.S.C. § 506(a) and Rule of Bankruptcy Practice and Procedure 3012. Objecting, Boatman's argues that the appropriate forum for debtor to challenge the validity and extent of Boatman's lien on Lakewood Village is a formal adversary proceeding. Debtor responds that it is merely requesting a valuation of Lakewood Village, and that the determined value will substantively affect the contents of its Chapter 11 reorganization plan. Debtor emphasizes that it is not objecting to the amount of Boatman's claim, or the validity of Boatman's lien, but merely seeking a determination of the value of certain of Boatman's collateral.

> Bankruptcy Rule 3012 provides that,
> [t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Fed.R.Bankr.P. 3012. This rule implements 11 U.S.C. § 506(a) of the Code concerning the valuation of collateral upon which a creditor asserts a secured claim in order to determine the extent to which it is secured, and/or the extent to which it is unsecured. In the present case, the debtor has moved for a determination of the value of Lakewood Village pursuant to section 506(a) and Rule 3012.

Boatman's argues that this Motion is improperly before the Court, and cites in support of its position *Matter of Beard,* 112 B.R. 951 (Bankr.N.D.Ind.1990), and *In re Palombo Farms of Colorado, Inc.,* 43 B.R.

709 (Bankr.Colo.1984). In *Beard,* the court held that when challenging "the validity or existence of a lien, its extent or the scope of the property encompassed by it, or the lien's priority in relation to other interests" the filing of an adversary proceeding is required. 112 B.R. at 956. In *Palombo Farms,* where the debtor objected to the creditor's claim, the court required an adversary proceeding to address the valuation question because the debtor's objection to the claim, drew into issue the validity, priority and extent of creditor's liens. 43 B.R. at 711.

Unlike the matter in *Palombo Farms,* The Crestwood Company does not object to the amount of Boatman's claim, and unlike the situation in *Beard,* the debtor does not challenge the validity, extent or relative priority of Boatman's lien on Lakewood Village. In the present case, debtor merely seeks to have the Court determine the value of Lakewood Village as a part of the confirmation process pursuant to Bankruptcy Rule 3012. The Fifth Circuit has held that under section 506(a) and Rule 3012, a Bankruptcy Court, in considering a plan of reorganization, could set the value of mortgaged property on motion of the debtor. *Sandy Ridge Dev. Corp. v. Louisiana Nat'l Bank (Matter of Sandy Ridge Dev. Corp.),* 881 F.2d 1346, 1354 (5th Cir. 1989).

In *In re Windfelder,* 82 B.R. 367 (Bankr. E.D.Pa.1988), the court stated that section 506(a) is premised upon the congressionally accepted notion that a creditor cannot possess a secured claim for an amount larger than its interest in the collateral. *Id.* at 369. Further, the court opined that when attempting to implement the substantive rights created by section 506(a), "the better procedural practice is to utilize the provisions of Bankruptcy Rule 3012." *Id.* at 369–370; *see* Advisory Committee Note to Fed.R.Bankr.P. 3012. If the determined value of the collateral leaves the creditor undersecured, then the debtor may challenge the extent of the creditor's lien under section 506(a) and (d) by filing a formal adversary proceeding. *Id.* at 370; *see* Fed. R.Bankr.P. 7001(2).

This Court concludes that The Crestwood Company has requested a hearing to determine the value of Lakewood Village as a part of the confirmation process. Further, this Court concludes that such a determination is best conducted in accordance with Bankruptcy Rule 3012, and that the debtor need not file an adversary proceeding in order for the Court to conduct a valuation hearing to establish the value of Lakewood Village.[1]

Accordingly, it is hereby

ORDERED that Boatman's Motion to Dismiss Debtor's Motion for Valuation of the Lakewood Village Shopping Park is denied.

IT IS SO ORDERED.

---

1. The Court specifically notes that all findings of facts and conclusions of law made at the May 23, 1991 valuation hearing will be limited to the issue of the value of Lakewood Village in accordance with the purposes of section 506(a) and Bankruptcy Rule 3012. Thus, the valuation hearing will not effect the amount of Boatman's claim, or the validity, extent or relative priority of Boatman's lien on Lakewood Village, which up to this time the debtor has not challenged, and which if challenged, must be challenged in the context of a formal adversary proceeding.