**In re John and Erin PEREIRA, Debtors.**

No. 08–03059–B13.

United States Bankruptcy Court, S.D. California.

Aug. 25, 2008.

Jeffrey D. Larkin, Doan Law Firm, LLP, Carlsbad, CA, for Debtors.

Jenny Judith Ha, Thomas Billingslea, Jr., Ch 13 Trustee, San Diego, CA, for trustee.

## MEMORANDUM DECISION

LOUISE DE CARL ADLER, Bankruptcy Judge.

### I.

### INTRODUCTION

John and Erin Pereira ("Debtors") have proposed a chapter 13 plan of reorganization ("Plan") which provides for the filing of an adversary proceeding to avoid the allegedly wholly unsecured second trust deed of National City Bank ("National City"). The chapter 13 trustee ("Trustee") objects to this provision, arguing that he cannot administer the plan until he knows whether National City is to be treated as a secured or unsecured creditor. Debtors did not file a written response to the objection prior to the hearing. After considering post-hearing briefing supplied by each party, the Court sustains the Trustee's objection to confirmation.

### II.

### ISSUE

May the Court confirm a Chapter 13 plan which provides that the debtors will be filing an adversary proceeding to strip off a creditor's allegedly wholly unsecured second trust deed pursuant to § 1322(b)(2)?

### III.

### FACTS

Debtors filed a joint voluntary chapter 13 petition on April 15, 2008. [Main Case Doc. # 1] Their petition listed real property located at 4663 Southampton Street in San Diego, California as their personal residence ("Residence"). [*Id.* at Schedule A] The Debtors assert that the Residence has a current value of $324,541.56. [*Id.*]

On Schedule D (creditors holding secured claims), Debtors list Chase Manhattan ("Chase") as the holder of the first trust deed secured by the Residence. The Debtors show Chase's claim as $339,958.00. [*Id.*] Further, the Debtors list "National City Bank" as the holder of the second trust deed secured by the Residence in the amount of $90,374.87. They indicate this second trust deed will be avoided under § 1322. [*Id.*]

Debtors filed their Plan concurrently with their petition. [Main Case Doc. # 2] The Plan proposes to pay $400.00 monthly to the Trustee for payment of administrative claims and the secured claim of Ford Motor Credit, and to pay nothing to general unsecured creditors. [*Id.* at ¶¶ 1, 6 and 13] Further, Plan ¶ 19 provides:

> Debtor will file an adversary proceeding to avoid [strip off] the National City Bank second mortgage on debtors principal residence pursuant to 11 U.S.C. § 1322 because confirmation of this plan binds the fair market value of the property to be $324, 541.56 which is entirely encumbered by a first mortgage in excess of that amount.

[*Id.*] The Bankruptcy Noticing Center's automated BAE System served the Plan on all creditors on April 18, 2008. [Main Case Doc. # 11] The certificate of service shows the Plan was served on: "National

City Bank, P.O. Box 5570, Cleveland, OH 44101–0570." [*Id.*] The Debtors have not filed a certificate of service with the Court reflecting any other service of the Plan or a notice of confirmation hearing.

Consistent with Plan ¶ 19, Debtors promptly commenced adversary proceeding No. 08–90162 against "National City Mortgage Company"[1] to avoid the lien pursuant to § 1322(b)(2) ("Avoidance Action"). [Main Case Doc. # 8; Adv. Proc. Doc. # 1] The adversary complaint alleges the Residence was valued at $324,541.56 on the date of the Order for Relief. [Adv. Proc. Doc. # 1 at ¶ 10] The summons and complaint were served on National City on April 22, 2008, at the following address:

National City Mortgage Company
    Attn Legal Department
    P.O. Box 1804
    Dayton, OH 45401–1804

[Adv. Proc. Doc. # 3] Thereafter, Debtors obtained an alias summons and on June 2, 2008, served the alias summons and complaint on National City at the following address:

National City Mortgage Company
    Peter Raskind, President
    1900 East Ninth St
    Cleveland, OH 44114

[Adv. Proc. Doc. # 8]

National City has answered the complaint and specifically denied, *inter alia*, that the Residence was valued at $324,541.56 on the date of the Order for Relief; that National City has no secured claim against the Residence; and that it is wholly unsecured against the Residence. [Adv. Proc. Doc. # 10 at ¶¶ 10, 12, 15–16]

The Trustee is the only party in interest to file an objection to confirmation of the Plan.

## IV.

### DISCUSSION

In this circuit, a debtor may "strip off" a secured creditor's wholly unsecured real property lien notwithstanding the language of § 1322(b)(2). *In re Zimmer*, 313 F.3d 1220, 1222 (9th Cir.2002). Therefore, if a debtor can show that a putatively secured interest of a residential secured creditor is totally unsecured, the debtor has the ability to strip off the lien. *In re Millspaugh*, 302 B.R. 90, 96 (Bankr.D.Idaho 2003); *In re Geyer*, 203 B.R. 726, 729 (Bankr.S.D.Cal.1996)(Adler).

It is procedurally unnecessary to file an adversary proceeding solely to strip off an allegedly wholly unsecured lien pursuant to § 1322(b)(2). *Millspaugh*, 302 B.R. at 98; *In re Sadala*, 294 B.R. 180, 185 (Bankr.M.D.Fla.2003); *see also* March, Ahart & Tchaikovsky, *Cal. Prac. Guide: Bankruptcy*, ¶ 18:110–113 at 18–10–11 (The Rutter Group 2007). These authorities agree that the appropriate procedure to strip off an allegedly wholly unsecured lien is to file a noticed motion pursuant to Federal Rules Bankruptcy Procedure ("Rule") 3012 and 9014. They explain that extinguishment of a wholly unsecured lien is the inevitable by-product of valuation of collateral. Rule 3012 makes it clear that only a motion is required for this purpose. *Millspaugh*, 302 B.R. at 98; *Sadala*, 294 B.R. at 183; The Rutter Group, *Cal. Prac. Guide: Bankruptcy*, at ¶¶ 18:110 and 18:113. Alternatively, a debtor may strip

---

1. The Chapter 13 plan was served on an entity called "National City Bank." The adversary complaint was filed against National City Mortgage Company as "National City." Hereinafter, all references to "National City" collectively refer to National City Bank and National City Mortgage Company although the record is not clear that they are the same entities.

off a lien through a chapter 13 plan by including a provision in the plan for valuation of the collateral and lien stripping as a matter related to confirmation of the plan. *Millspaugh,* 302 B.R. at 98; The Rutter Group, *Cal Prac. Guide: Bankruptcy* at ¶ 18:111.

■ In the present case, the Trustee objects to the provision in Plan ¶ 19 to defer lien stripping to an adversary proceeding which will be determined sometime after confirmation. The Trustee argues that lien stripping should be accomplished preconfirmation because confirmation of the plan will "bind" the secured and unsecured treatment of the claims. He needs to be able to ascertain how he is supposed to treat National City's claim in order to administer the Plan.

The Debtors recognize that lien stripping can be accomplished in a plan, or preconfirmation through a noticed motion. Specifically, their Post–Hearing Opposition provides:

> As best explained *"Post Zimmer"* by the [c]ourt in *In re Millspaugh,* 302 B.R. 90 (Bankr.D.Idaho 2003) at 103–104:
>
> *In summary, a chapter 13 debtor may, in his plan or in a separate (and usually preconfirmation) motion, seek to strip off a creditor's wholly unsecured lien through a valuation process under § 506(a) and Rules 3012 and 9014. An adversary proceeding is not required by Rule 7001(2) unless that debtor otherwise contests the validity, extent or priority of the creditor's lien. However, the nature and substance of the request to so treat the creditor's claim and lien must be* **clearly and conspicuously identified and explained in the plan or motion.** *Service of the motion, or of the plan if the motion is subjoined, must be made on that creditor as*

*required by Rule 7004. Assuming a proponent can show that these prerequisites are met, an order granting the motion may be entered, either within a confirmation order or separately.*

[Main Case Doc. # 26 at 6:5–20 (italics and bold in original)]

Notwithstanding, the Debtors argue that the adversary procedure will be more "expeditious." [*Id.* at 7:4–14] The Court disagrees. As the court in *Sadala* indicated, a noticed motion procedure is designed to provide a creditor with due process in a streamlined and efficient manner. An adversary proceeding is more formal, takes longer, and is more costly. *Sadala,* 294 B.R. at 183.

■ The Debtors' Post–Hearing Opposition illuminates their reasoning. They state that, "but for the Trustee's objection, the Court would have confirmed the Chapter 13 plan ... and the fair market value of the residence would have been established by court order to be $324,541.56." [Doc. # 26 at 7:6–8] Because the amount owed on the first trust deed exceeds this value, the Debtors believe they could quickly resolve the adversary proceeding through a motion for summary judgment if National City refused to stipulate to strip off the lien. [*Id.* at 7:8–11]

Thus, the Debtors believe the Residence will be valued pursuant to § 506(a) in connection with confirmation of their Plan and that such valuation will be binding and conclusive for purposes of the adversary proceeding. Then, the sole matter to be litigated in the adversary proceeding will be a straightforward motion for summary judgment to strip off the lien based upon the amount owed on the first trust deed and the value of the Residence established at the confirmation hearing. It is puzzling why Debtors would file a formal adversary proceeding just to file a motion for sum-

mary judgment to strip off the lien when they could seek to strip the lien at the confirmation hearing or by noticed motion.

Regardless, it is obvious the affected persons have not been afforded proper due process of the valuation hearing. Had the Trustee understood the valuation hearing was to take place concurrently with confirmation, there would have been no need for him to object to confirmation of the Plan. Likewise, had National City understood the valuation hearing was taking place concurrently with confirmation, it would have almost certainly objected to the Plan. In light of National City's answer to the adversary complaint, Debtors cannot seriously believe National City agrees their second trust is wholly unsecured.

■ Where (as here) a debtor seeks to value collateral in connection with a plan of reorganization, the burden falls squarely upon the debtor as the drafter of the plan to make the intention to value the collateral within the plan, and the factual basis for the valuation of the collateral, clear to the affected creditors. *Millspaugh,* 302 B.R. at 99–100. Here, the Plan provides the Debtors will be filing an adversary proceeding to avoid National City's second deed of trust. The logical function of the adversary proceeding is to value the collateral to show the lien is wholly unsecured.[2]

■ Moreover, even if the Plan's treatment were clear, the Court cannot confirm the Plan due to improper service of the Plan on National City. Both the Rules and considerations of due process require that a chapter 13 plan which seeks to value

collateral must be served on the affected creditors in accordance with Rule 7004. *Millspaugh,* 302 B.R. at 102–03. Simply mailing a plan and notice of confirmation under Rule 2002 will not suffice. *Id.* at 102–03.

The record shows the Plan was mailed to "National City Bank" at a post office box. The service was not directed to the attention of anyone at National City; nor was it separately served on a designated agent for service of process. *See e.g.* Rule 7004(b)(3); *see also* Fed.R.Civ.P. 4(h).[3] National City was not served with the Plan and a notice of hearing in compliance with Rule 7004.

The Debtors' Post–Hearing Brief argues the Rule 7004–compliant service was accomplished when they *served the summons and adversary complaint.* [Main Case Doc. # 26 at 4:20–23; 6:24–25] They state that the adversary complaint "reiterated the provisions of paragraph 19 in much more detail," so National City was well aware of the provision. [*Id.*][4] Debtors' attorney regularly appears before this Court in consumer bankruptcy cases and adversary proceedings. He is aware of the independent functions of a hearing to confirm a chapter 13 plan of reorganization and an adversary proceeding. He cannot seriously contend proper service of the summons and complaint in · an adversary proceeding cures his improper service of a chapter 13 plan and notice of confirmation hearing.[5]

■ The Court holds that whenever a chapter 13 plan proposes to strip off a

---

**2.** The adversary complaint alleges: it is to determine the "validity" of a security interest [¶ 5]; the Residence was valued at $324,541.56 on the date of the Order for Relief [¶ 10]; and National City is wholly unsecured so it has no secured claim [¶¶ 12, 15 and 16].

**3.** Further, the record is not clear that National City Bank and National City Mortgage Company are the same entities.

**4.** In actuality, there is no reference to Plan ¶ 19, or any of its provisions, anywhere in the adversary complaint.

**5.** Counsel is reminded of his responsibilities under Rule 9011(b).

lien, the treatment must be clearly and conspicuously stated in the plan. Moreover, it is not enough to serve just the plan on the affected creditors. The debtor must serve each affected creditor with the chapter 13 plan and a notice of the valuation hearing (either separately or conjoined with the notice of confirmation hearing), in compliance with Rule 7004. The notice must clearly and conspicuously set forth the proposed treatment to value the collateral and strip off the lien, and the time and date of the hearing along with the deadline to object. It must be clear that the failure to object will be deemed consent to the valuation of the collateral as stated in the plan. *Millspaugh*, 302 at 102. The ultimate responsibility of proper drafting and proving notice was properly given and that the relief is warranted, is on the debtor. *Id.* at 103.

### III.

### CONCLUSION

The Court sustains the Trustee's objection to Plan ¶ 19. The matter of stripping off National City's allegedly wholly unsecured lien should be litigated prior to, or in connection with the hearing on confirmation of the Plan because the Trustee needs to know how to treat the claim to administer the plan. Additionally, the Plan needs to clearly and conspicuously specify when the § 506(a) hearing to value the Residence will take place. Finally, National City was not served with the Plan or a notice of hearing in compliance with Rule 7004. As such, it has not been properly notified of the valuation hearing.

The Trustee shall prepare and lodge an order in accordance with this Memorandum Decision within ten days of its entry.